FILED

Oct 15  1 02 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY WALKER,<br>    Plaintiff, | : | CIVIL CASE NO. 3:03cv997(JBA) |
| VS. | : | |
| BOARD OF EDUCATION FOR THE<br>CITY OF BRIDGEPORT<br>    Defendant. | :<br>:<br>: | OCTOBER 9, 2003 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:            June 4, 2003

Date Complaint Served:           June 9, 2003

Date of Defendant's Appearance:  August 19, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ. R.38, a conference was held via exchange of correspondence on October 3, 2003. The participants were:

**Thomas W. Bucci, Esquire,** for the plaintiff, Mary Walker.

**Christopher M. Hodgson, Esquire,** for the defendant, Board of Education For the City of Bridgeport.

I.  Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  Jurisdiction

A.  Subject Matter Jurisdiction

1.  Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Title 29 U.S.C. §626(b).

B.  Personal Jurisdiction

This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b)(1), in that the defendant is located in this district and is amenable to service in the State of Connecticut and the actions of which the plaintiff complains occurred in the District of Connecticut.

III.  Brief Description of Case

A.  Claims of Plaintiffs:

2

This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees for the age discrimination suffered by the plaintiff when the defendant, Board of Education for the City of Bridgeport, transferred the plaintiff from her position of mathematics research specialist at Maplewood School to a position of classroom teacher.

B. Defenses and Claims of Defendant:

The Bridgeport Board of Education transferred plaintiff from her assignment as a Math Resource Specialist to an assignment as a classroom teacher, an assignment she did from 1971 until 1997, for legitimate, non-discriminatory reasons.

C. Defenses and Claims of Third Party Defendants:

At this time, there are no third party defendants.

IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

3

1. The plaintiff, Mary Walker, is a citizen of the United States residing in the City of Milford.

2. The plaintiff's date of birth is December 24, 1949.

3. The defendant, Board of Education for the City of Bridgeport, is a governmental agency organized and existing under the laws of the state of Connecticut.

4. The defendant employed the plaintiff as a classroom teacher from September of 1971 through September of 1997.

5. From September of 1997 to June of 2002, the defendant utilized the plaintiff in the role of Mathematics Resource Specialist assigned to Maplewood School.

V.   Case Management Plan

A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below:

B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.  Early Settlement Conference

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  N/A

4.  The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R.36.

D.  Joinder of Parties and Amendment of Pleadings

1.The plaintiff does not intend to join additional parties. The plaintiff does not intend on amending her pleadings.

2.Defendant should be allowed until October 15, 2003 to join additional parties. The defendant filed an answer to the Complaint on September 18, 2003. The defendant shall be allowed until November 1, 2003 to file any amendments to the defendant's answer or affirmative defenses.

E.  Discovery

1.  The parties anticipate that discovery will be needed on, including, but not limited to, the following subjects:

5

      a.    The nature of the plaintiff's complaint and the factual allegations contained therein;

      b.    The extent and nature of the plaintiff's alleged damages;

      c.    The nature of the defendants' affirmative defenses;

      d.    The plaintiff's employment and her work performance;

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced by November 3, 2003 and completed, not propounded, by May 3, 2004. The parties agree to dispense with initial disclosures required under Fed R. Civ.P.26(a) until 90 days before the close of discovery.

3. Discovery will not be conducted in phases.

4. Not Applicable.

5. The parties anticipate the plaintiff will require a total of no more than three (3) depositions of fact witnesses and that the defendant will require a total of no more than three (3) depositions of fact witnesses. The depositions will commence November 3, 2003, and be completed by May 3, 2004.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff reserves the right to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by February 2, 2004. Depositions of such experts will be completed by March 1, 2004.

8. Defendant reserves the right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by April 1, 2004. Depositions of such experts will be completed by May 3, 2004.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by January 15, 2004.

F. Dispositive Motions

Dispositive motions will be filed on or before June 1, 2004.

G. Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within thirty days of the court's decision on any dispositive motion that may have been filed by either of the parties or in the event a dispositive motion is not filed, then a joint trial memorandum will be filed by July 1, 2004.

VI. Trial Readiness

The case will be ready for trial within 60 days of the court's ruling on any dispositive motion that may have been filed by either of the parties or in the event a dispositive motion is not filed, then the case will be ready for trial on August 1, 2004.

THE PLAINTIFF – MARY WALKER

BY _____
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805
Email: tbucc@wwblaw.com


THE DEFENDANT – BOARD OF EDUCATION
FOR THE CITY OF BRIDGEPORT

BY _____
Christopher M. Hodgson
DURANT, NICHOLS, HOUSTON, HODGSON
& CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604-0317
Tel: (203) 366-3438
Fax: (203) 0317
Fed. Bar #ct00574
Email: chodgson@durantnic.com